(119 App. Div. 138)

## TRAVIS v. HAAN.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK—WAIVER OF STATUTORY PROVISIONS.
    The provisions of Labor Law, Laws 1897, p. 480, c. 415, § 81, requiring machinery in factories to be properly guarded, may be waived by an employé, the same as a common-law obligation of employer to employé.

2. SAME—ACTIONS—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE—STATUTORY PROVISIONS—QUESTIONS FOR JURY.
    Under Employer's Liability Act, Laws 1902, p. 1750, c. 600, § 3, courts are not permitted to rule as a matter of law, in an action brought under that act, that an employé assumes the risk caused by the employer's failure to discharge any duty of safety, or is guilty of contributory negligence by continuing in the work with knowledge of such failure.

3. WITNESSES—COMPETENCY—CONFIDENTIAL RELATIONS—INFORMATION ACQUIRED BY PHYSICIAN.
    Code Civ. Proc. § 834, providing that a physician shall not be allowed to disclose information which he acquired in attending a patient in a professional capacity, "and which was necessary to enable him to act in that capacity," does not prohibit him from testifying that a patient whose hand he was treating told him that she carelessly got her hand into a mangle, since such information was not necessary to enable him to treat the ʼhand.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 773.]

Appeal from Trial Term, Kings County.
Action by Mary E. Travis, an infant, against Rudolph M. Haan. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.
Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

David F. Manning, for appellant.

William E. C. Mayer (James Crooke McLeer, on the brief), for respondent.

GAYNOR, J. The plaintiff was at work feeding a mangle. She had to spread the linen piece out upon a feed apron; which carried it along to the rollers and steam-heated cylinders of the mangle, through which it went. In some way. the plaintiff's hand got in between the first roller and the cylinder. She was unable to tell how it happened. She did not need in the work to put her hand against the cylinder or roller. On these facts the plaintiff was not entitled to recover as the law formerly was. Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286.

This machine had a small wooden guard roller across the apron, two fingers' width or more from the cylinder, but it had been taken off about two weeks before the accident by the foreman. The plaintiff did not ask to have it put back; the workers, it appears, did not like it; it rubbed the ends of their fingers. The plaintiff understood all about it and the machine, and was willing to work without it. Labor Law, Laws 1897, p. 480, c. 415, § 81, requires machinery to be properly guarded, but a statutory obligation of employer to employé is on the same footing, and no more than, a common-law obligation. Each is simply a legal obligation, and the one may be waived the same as the other. It is a simple matter over which words have been multiplied. Kinsley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367.

But chapter 600, p. 1750, of the Laws of 1902, sometimes called the "Employer's Liability Act," no longer permits the courts to rule as matter of law, in an action brought under that act, as is the case of this action, that an employé assumes the risk caused by the employer's failure to discharge any duty of safety, or is guilty of contributory negligence, by continuing in the work with knowledge of such failure. Section 3. The trial judge therefore properly submitted those questions to the jury.

The exclusion of the testimony of the doctor of what the plaintiff told him of how the accident happened was reversible error. That he was treating her professionally did not make the evidence inadmissible under section 834 of the Code of Civil Procedure upon her objection. The prohibition of that section only applies to information of patient to physician "which was necessary to enable him to act in that capacity." She did not need to tell him that she carelessly got her hand into the machine to enable him to treat the injuries to it. Green v. Met. St. R. Co., 171 N. Y. 201, 63 N. E. 958, 89 Am. St. Rep. 807.

The judgment and order must be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.