GRAVES v. GUSTAVE STICKLEY CO.

(Supreme Court, Appellate Division, Fourth Department. March 11, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLECT OF STATUTORY DUTY.
    Where a master fails to guard knives in a machine, as required by Laws 1904, p. 640, c. 291, he is liable for injuries to his servant resulting therefrom, unless the servant has assumed the risk of the exposed and unguarded knives.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 228–231.]

2. SAME—ASSUMPTION OF RISKS—BURDEN OF PROOF.
    Under the Employer's Liability Act, Laws 1902, p. 1750, c. 600, § 3, providing that an employé by entering upon or continuing in the service assents to the necessary risks only of his occupation or employment, and defining such risks to be such as remain after the employer has exercised

due care and complied with the laws for the greater safety of the employé, where an employer failed to comply with the laws for protecting the employé by guarding knives of a jointer, whereby the employé was injured, the burden of showing that the employé had waived the duty which the employer owed him, and that he himself had assumed the risk, was upon the employer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 907.]

3. SAME—QUESTION FOR JURY.

In an action by a servant for injuries resulting from unguarded knives in defendant's machinery, *held*, upon the evidence, that the question of assumption of risk by plaintiff was properly submitted to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1068–1088.]

4. SAME—SUFFICIENCY OF EVIDENCE.

Evidence in an action by a servant for injuries from unguarded knives in defendant's machinery, examined, and *held* to sustain a finding that he did not assume the risk of injury therefrom.

5. SAME—RISKS ASSUMED—NATURE.

The doctrine of assumed risk, in its application to an action by a servant against his employer for injuries from knives in the machinery at which plaintiff was employed, and which the employer had failed properly to guard, as required by statute, rests on the principle of implied contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 981–986.]

Appeal from Trial Term, Onondaga County.

Action by Merton A. Graves against the Gustave Stickley Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Jerome L. Cheney, for appellant.
Frank C. Sargent, for respondent.

KRUSE, J. The sole question presented by this appeal is whether or not the plaintiff, a workman in the defendant's factory, assumed the risk of the unguarded knives in a machine known as a "jointer," with which the plaintiff's left hand came in contact and was injured. The jury found, and the evidence warranted the finding, that it was practicable to guard the knives, which would have prevented the injury, and that the plaintiff himself was free from contributory negligence. The duty being imposed upon the defendant, under such circumstances, to guard the knives (Laws 1904, p. 640, c. 291, § 81), it follows that the defendant is liable for the injuries received by the plaintiff, unless the plaintiff assumed the risk of the exposed and unguarded knives. As to that, the evidence showed, and the learned trial court charged the jury, that the plaintiff himself knew during the whole course of his employment that this machine was unguarded, and that he realized the dangers arising from such a condition existing during that time; but refused to hold as a matter of law, and charge as requested by the defendant, that knowing that fact and realizing the danger the plaintiff assumed the risk, leaving it to the

jury to say whether, under all the circumstances, there was an implied contract made between the parties by which the plaintiff assumed the risk. Counsel for the defendant excepted to the refusal to charge as requested upon the subject of assumed risk, and also to the charge as made. The question was also raised on the motion for a nonsuit.

I think it undoubtedly true that, under the common-law rule, the plaintiff would have assumed the risk, but the provisions of the Employer's Liability Act, Laws 1902, p. 1748, c. 600, modifies the former rule as to the assumption of obvious risks by an employé. According to the provisions of that act (section 3), the presumption now is that an employé, by entering upon or continuing in the service, assents to the necessary risks only of his occupation or employment, and those are defined to be such as remain after the employer has exercised due care and complied with the laws for the greater safety of the employé. The risk of the unguarded knives was not a necessary risk, since the defendant had not complied with the laws for protecting the employé by guarding the knives as it was required to do. While that was the presumption, it was not conclusive; the question still is whether that presumption has been overcome. The same section further provides that, in an action such as this—

"the fact that the employé continued in the service of the employer in the same place and course of employment after the discovery by such employé, or after he had been informed of the danger of personal injury therefrom, shall not, as a matter of law, be considered as an assent by such employé to the existence or continuance of such risk of personal injury therefrom, or as negligence contributing in such injury. The question whether the employé understood and assumed the risk of such injury, or was guilty of contributory negligence, by his continuance in the same place and course of employment with knowledge of the risk of injury, shall be one of fact, subject to the usual powers of the court in a proper case to set aside a verdict rendered contrary to the evidence."

The burden of showing that the plaintiff had waived the duty which the defendant owed him to thus protect him from injury, and that he himself had assumed the risk thereof, was upon the defendant. Dowd v. N. Y., O. & W. Railway Company, 170 N. Y. 459, 63 N. E. 541. I think the learned trial judge was clearly right in refusing to hold as a matter of law that the plaintiff assumed the risk. I am also of the opinion that the verdict of the jury is not against the weight of the evidence upon that subject.

The circumstances which were submitted to the jury, from which they were permitted to determine whether or not the plaintiff assumed the risk, were the fact that he knew the dangerous condition of the machinery, and realized the risk arising therefrom; his intelligence; his age; the length of time during which he had remained in the defendant's employment; his wages; the instructions given to him; and the intention of the master and the servant as to the time during which he should remain in the master's employment. It appeared that the plaintiff was 45 years of age. He had worked at carpenter work and around machinery, including jointers (although not jointers precisely like the one in question). He was hurt the fourth day of his service. There is nothing to show that his wages were such as to suggest that he was taking an unusual

risk. While he was shown how to operate the machine, nothing was said by himself, or his employer, that he should assume the risk. Having in mind the duty which the law imposed upon the defendant, and the rule as to assumption of risks by the employé under the employer's liability act, I think the conclusion entirely warranted from the evidence that the plaintiff did not assume the risk.

It does not seem profitable to discuss cases in other jurisdictions, arising there under factory acts and labor laws. They are so unlike our own upon the question here as to afford little assistance in determining this question; and I am not aware of any decision in the appellate courts in our own state upon this precise question, unless it be that of Neuweiler v. The Central Brewing Company, 119 App. Div. 101, 103 N. Y. Supp. 1136, decided in the Second Department in April, 1907, and that, I think, is quite in line with the conclusions here reached.

It is further contended on behalf of the plaintiff that he could not assume the risk of the unguarded knives so as to relieve the defendant from liability to him for personal injuries resulting therefrom. The learned trial court held to the contrary, and charged the jury, as requested by counsel for the defendant, that the failure to guard the machine, even though it was required by statute, is one of the risks which the servant can, and may assume. Counsel for the plaintiff, to sustain his contention, cites the case of Johnston v. Fargo, 184 N. Y. 379, 77 N. E. 388, 7 L. R. A. (N. S.) 537; while Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367, and similar cases, are relied upon by counsel for the defendant to sustain his position to the contrary. In the Knisley Case it was held that an obvious risk from unguarded machinery may be assumed by an employé, and the employé's right of recovery for injuries from unguarded cogs was defeated upon that ground, notwithstanding the provisions of the factory act requiring the employer to guard the machinery. In the Johnston Case, it was held that an express contract between employer and employé, by which the latter assumed generally the risk of negligence, including that of the employer's, is against public policy.

The doctrine of assumed risk in its application to this case must rest upon the principle of implied contract. Dowd v. N. Y., O. & W. Railway Company, 170 N. Y. 459, 63 N. E. 541. Ordinarily an employer and his workmen may make any contract regarding the work to be done and the manner of doing it which they see fit to make; and the employer may furnish such place and such tools and appliances for carrying on the work as he chooses, provided the employé accepts the service under those conditions, and assumes the risk thereof. This general rule, however, has its limitations and exceptions. Generally speaking, if the agreement is against public policy, it will not be enforced by the courts. Such an agreement is regarded as illegal and void.

Since the Knisley Case arose (in 1891), and the opinion in that case was written, the statutory law of our state for protecting the lives and health of employés engaged in hazardous employ-

ments, including workers in factories, has undergone a marked change for better safeguarding them from harm. In 1897 the labor law was passed, and in the same year, and very likely in connection therewith, a new section was added to the Penal Code, known as section 384l, which provides, as amended in 1903 (Laws 1903, p. 874, c. 380), that any person who violates or does not comply with certain provisions of the labor law, among others, article 6, relating to factories, is guilty of a misdemeanor. Article 6 includes section 81 of the labor law, which relates to the protection of employés operating machinery. It requires, among other things, that the machinery of every description shall be properly guarded.

Assuming that the failure of the defendant to properly guard this machinery is a misdemeanor, subjecting the defendant to criminal liability, the interesting question is presented whether any contract, express or implied, which attempts to relieve the employer from his failure to properly guard the machinery, by having the employé waive the requirements of the statute and assume the risk thereof, and relieve the employer from liability for personal injuries resulting to the workman from the failure to comply therewith, is of binding force and effect. The Appellate Division of the Supreme Court in the Second Department seems to have decided that such risk may be assumed (Travis v. Haan, 119 App. Div. 138, 103 N. Y. Supp. 973), basing its decision upon the case of Knisley v. Pratt, supra. But, as has been seen, since the decision in the Knisley Case the section of the Penal Code referred to has been enacted.

It has been suggested, however, that in view of the holding of the trial court, the plaintiff might assume the risk, and the finding of the jury that he did not assume it, it has ceased to be a practical question. However that may be, since we have reached the conclusion that the case was properly submitted to the jury upon the first ground, and the jury having found that the plaintiff did not assume the risk, it does not seem necessary to pass upon the other question.

The judgment and order should be affirmed, with costs. All concur except McLENNAN, P. J., not voting.