<hr/>

(128 App. Div. 77.)

### TRAVIS v. HAAN.

(Supreme Court, Appellate Division, Second Department.   October 9, 1908.)

1. APPEAL AND ERROR—DECISION OF FORMER APPEAL—LAW OF THE CASE.
   Where, on a former appeal, it was held that the case was properly sent to the jury on the question of assumed risk and contributory negligence, such decision constituted the law of the case on retrial, the evidence being substantially the same.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4358–4368.]

2. MASTER AND SERVANT — INJURIES TO SERVANT — VERDICT—WEIGHT OF EVIDENCE.
   In an action for injuries to a 16 year old girl while operating a defective machine for the first time, a verdict finding that she did not assume the risk held not against the weight of the evidence.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 981–986.]

Appeal from Trial Term, Kings County.

Action by Mary E. Travis, an infant, etc., against Rudolph M. Haan. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

· David F. Manning, for appellant.

James Crooke McLeer, for respondent.

WOODWARD, J.   This is an action under the employer's liability act for damages for personal injuries, alleged to have been sustained through the negligence of the defendant in failing to have one of its machines in safe condition.   The facts as they appear from the evidence are not different from those appearing upon the former appeal (119 App. Div. 138, 103 N. Y. Supp. 973), and we then held that the case was properly sent to the jury on the questions of assumption of risk and contributory negligence, but reversed upon a question of exclusion of evidence.   Upon the second trial the court followed the rule previously adopted, and submitted the questions to the jury, and the defendant now urges that the court erred in refusing to grant a new trial, in that the verdict was against the weight of the evidence.

The case went to the jury under a charge to which neither party saved an objection, and which, we believe, fairly stated the law.   An examination of the testimony, under the rule of law as enunciated by the court, convinces us that the verdict is not against the weight of evidence.   There was evidence on the part of the plaintiff of facts and circumstances from which the inference of lack of contributory negligence might be fairly drawn, and upon the assumption of risk the burden of proof was upon the defendant, and we are of the opinion that it may not be said that this girl of 16 years of age, injured within half an hour of being put at work upon the machine, assumed the risks of the employment under the facts as they appear in evidence, at least not over the verdict of a jury.   The evidence was that this machine was defective, because the defendant's foreman had removed a safety roller, designed for the protection of operatives, and that this was the proximate cause of the injury.   The plaintiff was not employed regularly as an operator on this machine, and she had never operated it without a safety roller until within half an hour of her injury.   Taking into consideration her age and the detailed explanation of the operatives as to the dangers to be anticipated, it would require convincing evidence to show that she knew and appreciated the dangers which she encountered.   The defendant produced little evidence in support of such a proposition.   To make any kind of a case on this point it is necessary to patch up admissions on cross-examination, without regard to the explanatory evidence elsewhere in the case, and we are not prepared to say that this is meeting the requirement of a preponderance of evidence; certainly not that the verdict is against the weight of evidence, which is a matter primarily for the jury, acting in good faith, to determine.

The judgment and order appealed from should be affirmed, with costs.   All concur.